This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 32,098**

**GREGORY KETELSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Gregory Ketelson (Defendant) appeals his conviction for felon in possession of a firearm. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to argue the district court erred in denying his motion to suppress. [MIO 8; RP 83] "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (alteration in original) (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

The district court relied on the findings of fact made in the ruling on the first motion to suppress. [RP 181] In its opinion on the appeal from the first motion to suppress, the Supreme Court set forth these facts as follows:

> On the evening of November 13, 2008, Officer Shane Blevins of the Hobbs Police Department stopped a GMC Jimmy with expired temporary tags. Officer Blevins approached the driver side of the vehicle and informed the driver, Kerri Allen, of the reason for the stop. Meanwhile, Officer Miroslava Belyeu (née Jurado) approached the passenger side of the vehicle, where Gregory Ketelson (Defendant) was seated. Officer Belyeu saw a black nine millimeter handgun lying on the back seat floorboard. Officer Belyeu asked Defendant to step out of the vehicle, and Officer Blevins retrieved the firearm from the back seat

floorboard. Neither Defendant nor Ms. Allen was in the vehicle when Officer Blevins retrieved the firearm. After Officer Blevins retrieved the firearm, Defendant signed a card consenting to the search and admitted that the firearm belonged to him.

Officer Blevins requested dispatch to run a background check on Defendant. The background check revealed that Defendant had a prior felony conviction in Texas for burglary in 1999. Defendant was placed under arrest as a felon in possession of a firearm.

*State v. Ketelson*, 2011-NMSC-023, ¶¶ 2-3, 150 N.M. 137, 257 P.3d 957.

*Ketelson* concluded that it was constitutionally reasonable to remove the firearm from the vehicle. *Id.* ¶ 27. Here, Defendant is arguing that the scope of the stop was invalid under the state constitution. [MIO 8] We note that an officer may run an NCIC check on a firearm that is legally in the officer's possession. *State v. Gutierrez*, 2004-NMCA-081, ¶ 19, 136 N.M. 18, 94 P.3d 18. The ability to run an NCIC check on a weapon that is lawfully in the possession of law enforcement is not limited by the identity of the actual owner of the firearm whether it be the driver or another individual. While the NCIC check was being run, Defendant informed the officer that the weapon was his. [RP 164] In light of this, we believe that it was reasonable for the officer to run the identity check to make sure that Defendant would be in lawful possession of the firearm once the officer returned it to him. In short, we conclude that the minimal intrusion here was reasonable and, therefore, constitutional under

both the federal and state constitutions. *See Ketelson*, 2011-NMSC-023, ¶ 27 (noting that reasonableness is the focus of our inquiry).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**

4